IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim. Action No. 3:03-CR-0078-N |
| | § | |
| JASON DEJUAN LEATCH | § | |

## MEMORANDUM

This Memorandum addresses Defendant Leatch's motion for sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines ("USSG"). In all prior sentencing proceedings in the case, the Court reduced Defendant Leatch's criminal history category ("CHC") from V to IV. Defendant Leatch is currently sentenced to 262 months, based on offense level 36 and CHC IV. The Probation Office reviewed Defendant Leatch's pro se motion and recommended an amended guideline range of 235-293 months based on an offense level of 34 and CHC V. The United States has indicated that it does not oppose an amended sentence of 235 months, which it opined is the lowest permissible sentence under the amendment. The Court appointed the Federal Public Defender ("FPD") to represent Defendant Leatch, primarily to address whether the Court is prohibited under the current Guidelines from lowering Defendant Leatch's CHC from V to IV. The FPD's briefing has been most helpful to the Court.

The Court reluctantly joins the vast weight[1] of authority holding that USSG § 1B1.10 prohibits the Court from reducing Defendant Leatch's CHC in considering a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). *See, e.g.*, *United States v. Taylor*, 815 F.3d 248 (6th Cir. 2016); *United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013) (collecting cases); *United States v. Montanez*, 717 F.3d 287 (2d Cir. 2013); *United States v. Valdez*, 492 F. App'x 895 (10th Cir. 2012) (unpub.); *United States v. Barr*, 132 F. Supp. 3d 290 (D.R.I. 2015).

The Fifth Circuit appears to have recently joined those other courts. *United States v. Contreras*, — F.3d —, 2016 WL 1719928 (5th Cir. April 27, 2016). In *Contreras*, the defendant originally received a one offense level reduction under USSG § 5K2.0 for waiving his right to appeal.[2] The Fifth Circuit held he was not entitled to a comparable departure on a motion for reduction: "the court re-calculates the guideline range without re-applying departures or variances, and it may then reduce the defendant's sentence within that amended guideline range." *Id.* at *1. Although the Court was specifically considering a departure under USSG § 5K2.0, its reasoning would apply with equal force to a departure under USSG § 4A1.3 (inadequacy of CHC).[3]

---

[1]Perhaps even the total weight of authority, as the FPD apparently found no cases to the contrary.

[2]The *Contreras* decision did not address whether such a reduction was proper or permissible.

[3]The Court noted an exception, inapplicable here, where the departure was for substantial assistance. *Id.* *See* USSG § 1B1.10(b)(2)(B)

MEMORANDUM – PAGE 2

This Court also joins with those other courts finding this to be a poor policy. *See Hogan*, 722 F.3d at 63; *Montanez*, 717 F.3d at 294-95; *Barr*, 132 F. Supp. 3d at 295-97.

The Court finds Defendant Leatch's constitutional arguments unavailing. *See Dillon v. United States*, 560 U.S. 817, 828 (2010) (*Booker* inapplicable to section 3582(c)(2) proceedings); *Mistretta v. United States*, 488 U.S. 361 (1989) (sentencing guidelines do not violate separation of powers doctrine). Moreover, the Court does not see how Defendant Leatch is denied due process as he has had notice and an opportunity to be heard, or that the amendment to USSG § 1B1.10(b)(2)(B) is an ex post facto violation, as he is receiving a reduced sentence, albeit not reduced as much as he would prefer.

The Court therefore grants Defendant Leatch's motion for sentence reduction in part and orders that his sentence be and is reduced to 235 months.

Signed May 26, 2016.

_____
David C. Godbey
United States District Judge